# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-03274-RWS |
| | ) | |
| TRISTEN MARIE ESTEP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rodney Smith for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant. At the time he filed his complaint, he was incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names as defendants the State of Missouri; Prosecutor Tristen Marie Estep; Judge Robert Clinton Wright; and Detective Erik Christopher Hall.[1] Prosecutor Estep and Judge Wright are sued in both their individual and official capacities. (Docket No. 1 at 2-3). Detective Hall is sued in his official capacity only. (Docket No. 1 at 4).

---

[1] The State of Missouri is the only defendant listed in the case caption. (Docket No. 1 at 1). In the section of the form complaint titled "The Defendants," plaintiff further names Estep, Wright, and Hall. (Docket No. 1 at 2-4).

As to Judge Wright, plaintiff states that he went to trial on August 14, 2019. (Docket No. 1 at 3). He alleges that a jury found him "not guilty," but that Judge Wright "done away with the not guilty verdict and sent the jury back to deliberate."[2] The jury then returned a "guilty verdict on the same count as not guilty."

As to Detective Hall, plaintiff states that on August 15, 2019, Detective Hall was supposed to testify in person. (Docket No. 1 at 4). However, Detective Hall failed to appear in court. This "dodge" allegedly allowed Detective Hall to "show the next day over a phone." During Detective Hall's telephonic testimony, plaintiff states that he was unable to see Hall "because the T.V. was facing the jury."

As to Prosecutor Estep, plaintiff states that he was indicted on two counts in 2016, two counts in 2017, and two counts in 2018. During the deposition of the victim, the victim stated that she met plaintiff in 2017, not 2016. This apparently led the state to change "the counts from 2016 to 2018." Thereafter, Prosecutor Estep "read to the jury 2 counts in 2017 and 4 counts in 2018."

Plaintiff states that he has suffered "mental [and] emotional pain from being held captive [unjustly] in the St. Louis City Justice Center." (Docket No. 1 at 5). However, he has left the "Relief" section of the form complaint blank. (Docket No. 1 at 6).

## Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations by the judge, prosecutor, and detective in his state criminal case. For the reasons

---

[2] The Court reviewed plaintiff's state criminal case, *State of Missouri v. Smith*, No. 1822-CR01759-01 (22nd Cir., City of St. Louis), on Case.net, Missouri's online case management system. The Court takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to the trial minutes filed in this case, the jury notified the court that they had not reached a verdict on all the counts. The jury was instructed to keep deliberating. Defense counsel moved for a mistrial on the pending counts, which was denied. The jury subsequently returned a verdict on all counts, finding Mr. Smith guilty on counts 1 and 3, and not guilty on counts 2, 4, 5, and 6.

set forth below, plaintiff's complaint will be dismissed.

### A. Claim Against the State of Missouri

Plaintiff's claim against the State of Missouri will be dismissed, because the state is immune from suit. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a non-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, the Supreme Court has determined that § 1983

does not revoke the states' Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Thus, Congress has not statutorily abrogated the State of Missouri's immunity. Second, the State of Missouri has not waived its own immunity in this type of case. *See* § 537.600 RSMo.

While plaintiff has not specified the type of relief he is seeking, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that the district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). Thus, sovereign immunity shields the State of Missouri from plaintiff's lawsuit, and his claim against the State of Missouri will be dismissed.[3]

**B. Official Capacity Claims**

Plaintiff's official capacity claims against Prosecutor Estep, Judge Wright, and Detective Hall will be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit

---

[3] The Court notes that plaintiff has also failed to state a claim against the State of Missouri, because he has not presented any factual allegations against it. The State of Missouri is named only in the caption, which is insufficient to establish its liability. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court's dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, defendants are alleged to be employed by the City of St. Louis. Thus, plaintiff's official capacity claims are actually claims against St. Louis itself.

A local governing body such as St. Louis can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, plaintiff must establish St. Louis's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of St. Louis.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its

6

employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not presented any allegations whatsoever to establish that St. Louis is liable for violation of his constitutional rights. There are no facts supporting the inference of an unconstitutional policy or custom, and he does not mention any failure to train. Thus, plaintiff's official capacity claims will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claims

Plaintiff has sued Prosecutor Estep and Judge Wright in their individual capacities, while Detective Hall is sued in an official capacity only. For the reasons discussed below, plaintiff has failed to state a claim against either Prosecutor Estep or Judge Wright, as both are immune from suit. Moreover, even if the Court were to treat plaintiff's complaint as asserting an individual capacity claim against Detective Hall, plaintiff has failed to state a claim.

#### i. Individual Capacity Claim Against Prosecutor Estep

Defendant Estep is alleged to be a prosecutor employed by the City of St. Louis. Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (explaining that prosecutorial acts entitled to absolute immunity "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made").

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodsworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Here, plaintiff's allegations against Prosecutor Estep are somewhat vague. He states that he was indicted on two counts in 2016, two counts in 2017, and two counts in 2018. During the deposition of the victim, the victim stated that she met plaintiff in 2017, not 2016. This apparently led the state to change "the counts from 2016 to 2018." As a result, Prosecutor Estep "read to the jury 2 counts in 2017 and 4 counts in 2018." Based on these statements, it appears that plaintiff is

complaining that his charges were changed. However, as discussed above, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions" that are entitled to absolute immunity. That is, Prosecutor Estep is immune from suit regarding her actions taken in amending plaintiff's charges, and in presenting those charges to a jury at trial. Since Prosecutor Estep is immune from suit, plaintiff has failed to state a claim against her.

Furthermore, even if Prosecutor Estep were not immune from suit, plaintiff has still failed to state a claim. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Plaintiff has not presented any factual allegations against Prosecutor Estep demonstrating that she violated the constitution. That is, the amendment of criminal charges to conform to the evidence, and the subsequent presentation of those charges at trial, do not constitute actions violative of any of plaintiff's federally protected constitutional rights. Therefore, for this reason as well, plaintiff has failed to state a claim. As such, plaintiff's individual capacity claim against Prosecutor Estep will be dismissed.

      **ii.**      **Individual Capacity Claim Against Judge Wright**

Judge Wright is alleged to be a judge employed by the Circuit Court of the City of St. Louis. Because a judicial officer, exercising the authority in which he or she is vested, should be

free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth*, 891 F.3d at 1090 (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (stating that "[t]he relevant inquiry is the nature and function of the act, not the act itself. This means that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

Similar to the assertions against Prosecutor Estep, the allegations against Judge Wright are

vague. Plaintiff states that during trial on August 14, 2019, the jury found him "not guilty," but that Judge Wright "done away with the not guilty verdict and sent the jury back to deliberate." The jury then returned a "guilty verdict on the same count as not guilty." Review of plaintiff's criminal case indicates that the jury notified Judge Wright that it had not reached a verdict on all counts. Judge Wright then instructed the jury to keep deliberating. The jury later returned a verdict finding plaintiff guilty on counts 1 and 3, and not guilty on counts 2, 4, 5, and 6. Regardless of plaintiff's interpretation of events, Judge Wright is immune from suit. Instructing a jury during a criminal trial is clearly a judicial act, as it is a function normally performed by a judge. Furthermore, there is no indication that this action was taken in the complete absence of jurisdiction. Because Judge Wright is immune from suit, plaintiff has failed to state a claim against him. Therefore, the individual capacity claim will be dismissed.

### iii. Individual Capacity Claim Against Detective Hall

As noted above, plaintiff has not sued Detective Hall in an individual capacity. Even if he had, however, he has failed to state a claim. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong*, 820 F.3d at 934. Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz*, 601 F.3d at 848. A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks*, 776 F.3d at 960. Furthermore, liability in an action under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (explaining that a

plaintiff must allege facts connecting the defendant to the challenged action).

According to plaintiff, Detective Hall failed to appear in court to testify in person. This led to Detective Hall testifying "over a phone" the next day. During this testimony, plaintiff states that he was unable to see Hall "because the T.V. was facing the jury."

The allegation that Detective Hall failed to appear in court, and later testified by telephone does not – without more – state a constitutional violation. Plaintiff provides no support for the proposition that Detective Hall's telephonic testimony prejudiced his case or violated his rights. Furthermore, aside from failing to assert a constitutional violation, the claim that plaintiff was unable to see Detective Hall because of the placement of the television is insufficient, because it fails to establish that Hall was responsible for such placement. Therefore, even if plaintiff had sued Detective Hall in an individual capacity, such claim would be subject to dismissal.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2020